| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| CLOVIS L. PRINCE and <br> TAMIKA D. RENFROW, <br><br> Appellants, <br><br> *versus* <br><br> MICHELLE CHOW, WAYNE STONE, <br> MATTHEW M. RYAN, LARRY ALAN <br> LEVICK, and TODD ALAN <br> HOODENPYLE, <br><br> Appellees. | CIVIL ACTION NO. 4:15-CV-417 <br> (Consolidated with 4:16-CV-30) |

**MEMORANDUM AND ORDER**

Pending before the court are Appellees' Motions to Extend Due Date on Appellate Brief and to Dismiss Appeal, Combined with Brief in Support (#s 7, 13; Appeal No. 4:16-cv-30).[1,2] In their motions, Appellees collectively seek to dismiss this consolidated appeal based on Appellants' failure to pay the required filing fees.[3]

I.  Background

This consolidated bankruptcy appeal concerns a long-running Chapter 7 bankruptcy case, including a series of adversary proceedings, involving Appellant Clovis Prince ("Prince") who is

---

[1] Appellees Michelle Chow ("Chow"), Larry Alan Levick ("Levick"), and Todd Alan Hoodenpyle ("Hoodenpyle") join in Wayne Stone's ("Stone") motion. *See* Doc. Nos. 7, 8. All Appellees join in the second motion to dismiss. *See* Doc. Nos. 13, 14, 4:16-cv-30.

[2] On April 13, 2016, the court consolidated this appeal with appeal number 4:16-cv-30. *See* Doc. No. 44. Both appeals involve essentially the same parties and present common issues of law and fact. *See id*.

[3] The court previously granted Appellees' motions to the extent they sought an extension of time to file their appellate briefs.

proceeding *pro se* in this appeal and in the underlying bankruptcy case. *See Prince v. Chow*, Case No. 09-43627 (Bankr. E.D. Tex.). Appellant Tamika D. Renfrow ("Renfrow") is Prince's adult daughter and is also proceeding *pro se*.

In 2009, Prince filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court") on behalf of himself and two of his businesses. The Bankruptcy Court jointly administered Prince's bankruptcy cases under case number 09-43627 and appointed Chow as the Chapter 7 trustee. Appellees Levick and Hoodenpyle are Chow's attorneys.

After Prince filed several motions that the Bankruptcy Court deemed to be frivolous, the Bankruptcy Court entered a Vexatious Litigant Order on October 13, 2010, which prohibited Prince "from filing any motion for sanctions or any motion alleging wrongful conduct by other parties to the above-referenced cases or related adversary proceedings without first obtaining approval from [the Bankruptcy Court]."

In September 2010, Chow filed an adversary proceeding seeking to avoid, as fraudulent transfers, certain real property transfers to P&A Real Estate, Inc. and a trust entitled the Clovis L. Prince, Katherine M. Robinson, and Tamika D. Prince Trust (the "Trust"). *See In re Prince* (*Chow v. Prince*), Adversary No. 10-4214, 2012 WL 1095506 (Bankr. E.D. Tex. Mar. 30, 2012), *aff'd*, No. 4:12-CV-645, 2013 WL 150313 (E.D. Tex. Jan. 14, 2013), *aff'd*, 548 F. App'x 262 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1894 (2014). Ultimately, Chow obtained summary judgment avoiding the transfers as fraudulent.[4] *See id*.

---

[4] Although Prince attempted to oppose summary judgment, the Bankruptcy Court found that Prince did not have standing to contest the proceeding because he was not sued in an individual capacity in the adversary proceeding and, because he was not a licensed attorney, could not represent the Trust in federal

In 2013, Chow filed an application to employ Appellee Stone, an Oklahoma real estate broker, to market the property known as the 4808 Rose Rock Property—one of the fraudulently transferred properties Chow recovered from the Trust. The Bankruptcy Court approved both the application and the subsequent sale of the property to Appellee Matthew M. Ryan, over Prince's objections.

Following the sale of the property, Prince filed a complaint (the "First Lawsuit") against Chow, Levick, Hoodenpyle, and Stone in the United States District Court for the Western District of Oklahoma (the "Oklahoma District Court") contesting the sale of the property on September 30, 2014. On November 3, 2014, Prince and Renfrow filed an amended compliant. Prince asserted claims on behalf of "five unnamed minors" who he claims are beneficiaries of the Trust.[5] Renfrow, meanwhile, asserted claims on her own behalf as a beneficiary of the Trust. All of the claims concern purported wrongful conduct which occurred during the bankruptcy cases, and, in particular, the avoidance of the transfer of the 4808 Rose Rock Property to the Trust.

The Oklahoma District Court transferred the case to the Bankruptcy Court, which assigned the matter adversary proceeding number 15-4010. Defendants Chow, Levick, and Hoodenpyle moved to dismiss the case based on the Bankruptcy Court's prior Vexatious Litigant Order and the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 127 (1881) (requiring leave of court before a party may bring suit against a court appointed receiver); *accord Villegas v. Schmidt*, 768 F.3d 156, 158 (5th Cir.), *cert. denied*, 135 S. Ct. 588 (2015). At a hearing on June 9, 2015, the

---

court. Despite an order from the Bankruptcy Court for the Trust to retain counsel, the Trust failed to do so and did not respond to Chow's motion for summary judgment or appear at the hearing.

[5] In this appeal, Prince does not advance the claims of the "five unnamed minors."

Bankruptcy Court granted the motion to dismiss and entered a written order on June 15, 2015. Prince and Renfrow then filed their Notice of Appeal (#1) on June 22, 2015, and Joint Statement of the Issues on Appeal and Designation of the Record (#3) on October 13, 2015, which generated the instant appeal.[6]

On June 11, 2015, after the Bankruptcy Court issued its oral order granting the motion to dismiss but prior to the issuance of its written order, Prince and Renfrow, along with Nia Mason and Don Mason, filed another lawsuit (the "Second Lawsuit") in the state District Court of Oklahoma City, Oklahoma, asserting essentially the same claims they advanced in the First Lawsuit related to the avoidance of the transfer of the 4808 Rose Rock Property to the Trust. Appellees removed that case to the Oklahoma District Court, and it was subsequently transferred to the Bankruptcy Court.

On January 8, 2016, the Bankruptcy Court entered an order dismissing the Second Lawsuit for multiple reasons, including that its ruling in the First Lawsuit had *res judicata* effect on the Second Lawsuit. The Bankruptcy Court also imposed sanctions against Prince and Renfrow for violating the Vexatious Litigant Order. Prince appealed the Bankruptcy Court's dismissal of the Second Lawsuit on January 8, 2016, which generated Appeal No. 4:16-cv-30. Renfrow, Nia Mason, and Don Mason have not filed appeals with respect to the dismissal of the Second Lawsuit.

Appellees filed the instant motion to dismiss in appeal number 4:15-cv-417 on November 18, 2015. On November 20, 2015, this court issued an Order to Pay Filing Fee (#10). Subsequently, Prince and Renfrow filed Motions for Leave to Proceed in Forma Pauperis (#s 15,

---

[6] Renfrow's appeal was consolidated with Prince's appeal at Appellants' request. *See* Doc. No. 17. Appellees did not oppose the consolidation.

20). Consequently, on January 13, 2016, this court denied Prince's and Renfrow's motions without prejudice and instructed Prince and Renfrow to re-file their motions with the Bankruptcy Court. *See* Doc. No. 27.

The Bankruptcy Court denied both motions in separate orders issued on May 6, 2016. The Bankruptcy Court found that both appeals were frivolous and lacked an arguable basis in law and fact and under 28 U.S.C. § 1915(e)(2)(B)(i) because Prince and Renfrow have "little or no chance of success." Additionally, the Bankruptcy Court found that Renfrow was not entitled to proceed in forma pauperis because she had the ability to pay the $298 filing fee.

II.   Analysis

    A.   Bankruptcy Appeal—Jurisdiction and General Standard of Review

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." *Id*. Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *accord Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308-09 (5th Cir. 2003); *In re S. White Transp., Inc.*, 473 B.R. 695, 698 (S.D. Miss. 2012), *aff'd*, 725 F.3d 494 (5th Cir. 2013).

When reviewing a decision of the Bankruptcy Court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the Bankruptcy Court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law. *See In re Halo Wireless, Inc.*,

684 F.3d 581, 586 (5th Cir. 2012); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *Texas v. Soileau (In re Soileau)*, 488 F.3d 302, 305 (5th Cir. 2007), *cert. denied*, 552 U.S. 1180 (2008). Mixed questions of law and fact are reviewed *de novo*. *In re San Patricio Cty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed. *See Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258-59 (5th Cir. 2006); *see also In re Perry*, 345 F.3d at 309 (quoting *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003)).

    B.    <u>Dismissal for Failure to Pay Filing Fee</u>

In their motions currently pending before the court, Appellees seek to dismiss the consolidated appeal based on Appellants' failure to pay the necessary filing fees. Under the Federal Rules of Bankruptcy Procedure, a notice of appeal must be accompanied by the prescribed filing fee. FED. R. BANKR. P. 8003(a)(3)(C). Among other procedural defects, a party's failure to pay the requisite filing fee means that the district court may "act as it considers appropriate, including dismissing the appeal." FED. R. BANKR. P. 8003(a)(2); *see In re Armstrong,* 101 F. App'x 766, 768-69 (10th Cir. 2004); *In re Weiss,* 111 F.3d 1159, 1173 (4th Cir. 1997); *In re Immc Corp.*, No. 15-1043, 2016 WL 2899247, at *4 (D. Del. May 17, 2016); *In re Shephard,* No. 1:15CV00030, 2015 WL 4743809, at *2 (W.D. Va. Aug. 11, 2015); *In re Boss Mgmt. Grp.*, No. 6:07mc00002, 2007 WL 1959172, at *2 (W.D. Va. July 3, 2007); *Bryd v. Branigan*, No. AW-06-0895, 2006 WL 4458702, at *4 (D. Md. Nov. 29, 2006). In this situation, many courts have dismissed bankruptcy appeals for failure to pay the filing fee. *E.g., In re Owens*, 459 F. App'x 836, 838 (11th Cir. 2012) (affirming a district court's dismissal of a *pro se* appellant's

6

bankruptcy appeal for failure to pay the filing fee); *In re Martel*, 328 F. App'x 584, 585 (10th Cir. 2009); *In re Arnold*, 166 F. App'x 424, 425 (11th Cir. 2006); *Bryd*, 2006 WL 4458702, at *4. Further, in *In re Hall*, the Fifth Circuit implicitly recognized that a district court has discretion to dismiss a bankruptcy appeal for failure to pay the filing fee. *See* 354 F. App'x 842, 843 (5th Cir. 2009) (denying a motion to proceed in forma pauperis in order to appeal a district court's dismissal of a bankruptcy appeal for failure to pay the filing fee because "there [was] no error in the dismissal of Hall's appeal from the bankruptcy court on account of his failure to pay the filing fees.")

Here, Appellants became aware of the defect in their appeal—their failure to pay the filing fee—when Appellees filed their motion to dismiss in November 2015. Then, on November 20, 2015, this court ordered Appellants to pay the filing fee. *See* Doc. No. 10. The court also warned Appellants that their "failure to comply with this order may result in dismissal of their appeal." *See id*.

Prince and Renfrow filed a joint response to Appellees' motion to dismiss in which they argued that a "default judgment" was inappropriate. They asserted that dismissal was improper because they had filed motions to proceed in forma pauperis. Neither Prince nor Renfrow offered any further explanation regarding their failure to pay the filing fee. As a result, the court instructed them to file their motions to proceed in forma pauperis with the Bankruptcy Court for a proper review. *See* Doc. No. 27.

On May 6, 2016, the Bankruptcy Court denied both Appellants' motions to proceed in forma pauperis. Nevertheless, Appellants have yet to pay the filing fee. *See In re Fernicola*, No. 6:07-CV-151, 2007 WL 894270, at *1 (N.D.N.Y. Mar. 20, 2007) (dismissing a bankruptcy appeal

7

for failure to pay the filing fee after denial of a motion to proceed in forma pauperis); *see also Byrd*, 2006 WL 4458702, at *4 (finding that the complete failure to pay the filing is a "unique fact" justifying dismissal of a bankrupcty appeal).

As to the appeal originally designated as 4:16-cv-30, Prince has been on notice of the failure to pay the filing fee since at least March 31, 2016, when Appellees filed their motion to dismiss.[7] Further, Prince incorporated by reference his motion to proceed in forma pauperis within his Notice of Appeal, filed on January 8, 2016, indicating he was aware of the filing fee requirement.[8] As previously noted, Prince's motion was denied, and he has failed to pay the filing fee or offer any explanation for his failure to do so.[9] Accordingly, the court finds that dismissal of this consolidated appeal is warranted. *See* FED. R. BANKR. P. 8003(a)(2); *In re Hall*, 354 F. App'x at 843.

The court recognizes that dismissal of the consolidated appeal based on a failure to pay the filing fee may be considered a "harsh sanction," but the court believes that it is proper under the circumstances. The United States Court of Appeals for the Fourth Circuit requires a district court, before dismissing a bankruptcy appeal on procedural grounds, to:

(1) Make a finding of bad faith or negligence;

(2) Give the appellant notice and an opportunity to explain the delay;

---

[7] In his response to Appellees' motion to dismiss, Prince states in a two-sentence conclusory paragraph that the Appellees' request for dismissal based on "procedural grounds" is "inappropriate because the matters are now pending before the assigned Article III district court judge in accordance to its briefing schedule."

[8] Additionally, Prince should have been aware of the requirement to pay the filing fee in November 2015, based on the court's Order to Pay the Filing Fee.

[9] On December 28, 2015, Prince filed a motion to proceed in forma pauperis with the Bankruptcy Court in order to appeal the dismissal on the Second Lawsuit and imposition of sanctions. On January 8, 2016, the Bankruptcy Court denied that motion because Prince failed to attach the required affidavit showing that he was unable to pay the costs of an appeal.

(3) Consider whether the delay had any possible prejudicial effect on the other parties; or

(4) Indicate that it considered the impact of the sanction and available alternatives.[10]

*In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995); *accord Rahmi v. Sheehan*, No. 3:14-CV-134, 2015 WL 845585, at *1 (N.D.W.V. Feb. 25, 2015); *In re Boss Mgmt. Grp.*, 2007 WL 1959172, at *3.

Applying those factors, the court finds that dismissal of the consolidated appeal is appropriate. First, Appellants' failure to pay the filing fee despite the court's order and a lengthy period of time to do so constitutes bad faith. *See In re Boss Mgmt. Grp.*, 2007 WL 1959172, at *3 (finding bad faith when a bankruptcy appellant failed to pay the filing fee at the time of the appeal, after receiving a notice of deficiency from the bankruptcy court, and six weeks after a notice of deficiency); *accord Rahmi*, 2015 WL 845585, at *1. Second, the court provided Appellants with ample notice—since November 2015—that the failure to pay the filing fee could result in the dismissal of their appeal. Now, eight months later, Appellants still have not paid the filing fee. *See In re Arnold*, 166 F. App'x at 425; *In re Fernicola*, 2007 WL 894270, at *1; *Sydlar v. Swimelar*, No. 6:10-cv-34, 2010 WL 2522362, at *1 (N.D.N.Y. June 14, 2010) (dismissing a bankruptcy appeal for failure to pay the filing fee after appellant was issued a notice of deficiency and his motion to proceed in forma pauperis was denied).

Third, Appellees have already been prejudiced, as they have been forced to expend time and resources in addressing the Appellants' procedural deficiencies—*i.e.*, filing the motions to dismiss

---

[10] The court recognizes that it is not bound by the Fourth Circuit's precedent. Nevertheless, the factors articulated by the Fourth Circuit are persuasive considerations for determining whether to dismiss an appeal for failure to pay the filing fee.

and responding to the motions to proceed in forma pauperis. Appellees continue to be prejudiced by the delay in these proceedings and will be prejudiced by any additional delay. *See Rahmi,* 2015 WL 845585, at *2. The Bankruptcy Court's findings that the appeals are frivolous, lack an arguable basis in law or fact, and have "little or no chance of success" further illustrate the ongoing prejudice to Appellees. Fourth, while the court understands the gravity of this dismissal, the court is of the opinion that dismissal is warranted based on Appellants' recalcitrance and the lack of alternatives to ensure that they pay the filing fee. *See Rahmi,* 2015 WL 845585, at *2 (finding dismissal warranted for failure to pay the filing fee and noting that, despite the serious impact of dismissal, numerous other district courts have dismissed appeals for failure to pay the filing fee).

Lastly, the court has independently reviewed Appellants' briefs and statement of issues in both appeals and concludes that the underlying adversary proceedings, from which these appeals originated, represent frivolous collateral attacks on the Bankruptcy Court's grant of summary judgment avoiding certain transfers of real property to the Trust. That judgment was affirmed by both this court and the United States Court of Appeals for the Fifth Circuit, and the United States Supreme Court denied the *writ of certiorari*. Thus, that judgment is valid and binding.

III. Conclusion

For the foregoing reasons, this consolidated bankruptcy appeal is DISMISSED with prejudice. All other motions currently pending in 4:15-cv-417 and 4:16-cv-30 are DENIED as moot, and the Clerk of the Court is ORDERED to close both appeals. The Clerk of the Court is FURTHER ORDERED to mail a copy of this memorandum and order to Prince and Renfrow at their respective addresses listed on the docket sheet.

SIGNED at Beaumont, Texas, this 14th day of June, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE